UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WAYNE VANDERBUSCH,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. ENENMOH, et al.,<br><br>    Defendants | Case No. 1:13 cv 01422 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 26, 2013 (ECF No. 12).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

Plaintiff, a inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Lancaster State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR.  Plaintiff names the following individual defendants:  Dr. Enenmoh, Chief Medical Officer at the Substance Abuse Treatment Facility (SATF) at Corcoran; Dr. M. Rashidi, M.D.; a surgeon at Mercy Hospital in Bakersfield; Dr. J. Chokatos, M.D.; Plaintiff's primary care physician while Plaintiff was housed at Pleasant Valley State Prison; J. Fortune, a Physician's Assistant (PA) at Pleasant Valley.  Plaintiff claims that Defendants subjected him to inadequate medical care such that it violated the Eighth Amendment prohibition on cruel and unusual punishment.   Plaintiff's claims stem from treatment for spinal stenosis.  Plaintiff's complaint does not follow a direct timeline and Plaintiff frequently refers the Court to exhibits attached to the complaint.   Plaintiff also sets forth his medical history in the CDCR dating  from approximately 1984.  The complaint appears to allege the following conduct.

On 2006, while housed at Corcoran, Plaintiff was diagnosed with spondylosis of the upper spine. In September of 2007, Plaintiff had a neurological consultation at Mercy Hospital.  Surgery was recommended.  In January of 2008, Plaintiff was seen by Dr. Enenmoh, who referred Plaintiff for surgery.  In May of 2008, Dr. Enenmoh altered the surgical request by " defacing the document and writing over the word neurosurgery and replacing it with the word neurology and adding the words EMG."

Plaintiff was admitted to Mercy Hospital from June 13, 2009, to June 23, 2009.  Dr. Rashidi noted foraminal stenosis.  Dr. Rashidi specifically noted "I can't guarantee amount of pain relief after surgery."  Plaintiff alleges that in the post-operative record, Dr. Rashidi "defaces his notes and writes over C4-C5 and apparently changes it to C5-C6."   Plaintiff alleges that "the C4-C5 abnormalities are supported in my medical records, after surgery Defendant 2 [Dr.

Rashidi] changes his view of the condition of the C4-C5 and for unknown reasons leaves the C5 nerve complex impinged."

Plaintiff was returned to Corcoran with a recommendation for physical therapy. Plaintiff was also prescribed pain medication. On August 11, 2009, Dr. Rashidi noted that Plaintiff continued to suffer from chronic neck pain and headaches. Plaintiff alleges that in December of 2009, he stopped eating because of the pain. Plaintiff's primary care physician discussed "long term treatment of methadone for failed surgery and chronic pain." Plaintiff alleges that Dr. Enenmoh "failed to initiate" physical therapy.

In February of 2010, Plaintiff was transferred to Pleasant Valley. Plaintiff alleges that he was diagnosed with clinical depression due to chronic cervical pain and placed into the Mental Health program . Plaintiff received a lower bunk chrono, cane, orthopedic shoes, cervical collar, cervical pillow and a chrono for no twisting, bending or lifting.

Plaintiff's allegations regarding Dr. Chokatos appear to stem from his charting of Plaintiff's medical condition. Plaintiff alleges that Dr. Chokatos' notes, "as a whole body of work, they are contradictive, confusing, inconsistent, unreliable and even incoherent and nonsensical." Plaintiff alleges that his medical record reflects "a conscious attempt to deny me appropriate medical treatment." Plaintiff challenges Dr. Chokatos' treatment for his hypertension and muscle spasms. Plaintiff alleges that his chart falsely states that Plaintiff is, in the view of medical professionals, manipulating the medical system to obtain drugs.

Regarding Defendant Fortune, Plaintiff disagrees with Fortune's assessment that Plaintiff is receiving appropriate treatment for his chronic pain. Plaintiff alleges that Fortune "fails to use my medical file to make his diagnosis of me. Defendant fails to interpret my medical record or the anatomy of a spine correctly."

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).

3

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to. Plaintiff may not hold defendants liable simply by detailing his medical history and challenging the medical decisions of Defendants. Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Further, Plaintiff cannot refer to his exhibits in order to make the complaint complete. Throughout the complaint, Plaintiff levels an allegation and refers to an exhibit attached to the complaint. Plaintiff must allege facts, in the complaint, indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

5

pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 3, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE