1

2

3

4

5

6

7

8
**UNITED STATES DISTRICT COURT**

9
**EASTERN DISTRICT OF CALIFORNIA**

10

11
GARY W. VANDERBUSCH,

12
          Plaintiff,

13
          v.

14
JOHN CHOKATOS,

15
          Defendant.

16

1:13-cv-01422-LJO-EPG-PC

**ORDER DENYING MOTIONS FOR APPOINTMENT OF EXPERT WITNESS AND AN INVESTIGATOR, AND GRANTING MOTION FOR ADDITIONAL DISCOVERY TO AUTHENTICATE DOCUMENTS**

(ECF Nos. 33, 37, 41, 42.)

17
## I.     BACKGROUND

18
Plaintiff Gary Vanderbusch is a state prisoner proceeding *pro se* and *in forma pauperis*

19
in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on

20
September 5, 2013 by the filing of a complaint. (ECF No. 1.) On the same date, Plaintiff filed a

21
Request for Appointment of an Expert Witness and an Investigator, in which he argued that this

22
action involves complex medical issues requiring a medical expert, and he will be unable to

23
prevail without a medical expert. (ECF No. 6.) On September 16, 2013, the court denied

24
Plaintiff's request, reasoning that the request for an expert witness was premature, as trial had

25
not been scheduled in this action. (ECF No. 10.)

26
On March 3, 2015, the court screened Plaintiff's complaint pursuant to 28 U.S.C. §

27
1915A, and dismissed the complaint for failure to state a claim with leave to amend. (ECF No.

28
15.) Plaintiff filed his First Amended Complaint on April 6, 2016. (ECF No. 16.) In his First

1

Amended Complaint, Plaintiff alleges that in June 2009, after experiencing pain and weakness, Plaintiff was taken to Mercy Hospital and a neurosurgeon recommended neck surgery between Plaintiff's C4 and C5 vertebrae. After returning to California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), a neurosurgeon there noted that Plaintiff needed extensive physical therapy and that the cervical spine had reversed its normal curvature. Beginning in August 2011, Plaintiff began consulting Dr. John Chokatos as his primary care physician. Defendant Chokatos repeatedly denied plaintiff treatment, accused Plaintiff of lying, and took away medical necessities, including those prescribed by a ten doctor panel to treat plaintiff's spinal condition. Defendant Chokatos repeatedly wrote that plaintiff did not require pain medication and was in no pain. Plaintiff also alleges that Defendant Chokatos told him to stop wasting Defendant's time, and said, "there is nothing wrong with you." *Id.*

On June 27, 2016, the Court screened the First Amended Complaint and found cognizable claims against Defendant Chokatos for deliberate indifference to medical needs in violation of the Eighth Amendment. (ECF No. 18.) On February 24, 2017, the Court issued a Scheduling Conference Order, setting s non-expert discovery cut-off of August 11, 2017, an expert disclosure deadline of September 8, 2017, and an expert discovery cut-off of November 10, 2017. (ECF No. 28.) On June 23, 2017, this Court issued a Second Scheduling Order, extending the non-expert discovery cut-off to August 31, 2017 at the request of Plaintiff, and setting a trial date of December 11, 2018. (ECF No. 32.) On August 21, 2017, Plaintiff moved for a sixty-day extension of non-expert discovery to October 31, 2017. (ECF No. 39.) The Court granted a forty-five day extension to October 16, 2017. (ECF No. 40.)

On June 30, 2017, Plaintiff filed a motion to appoint an expert witness and an investigator. (ECF No. 33.) On July 12, 2017, Plaintiff filed an identical motion to appoint an expert witness and an investigator. (ECF No. 37.) In both motions, Plaintiff argues that this action involves complex medical issues requiring a medical expert, and he will be unable to prevail without a medical expert. (ECF Nos. 33, 37.) On September 21, 2017, Plaintiff filed an objection to Defendant's expert witness, and requested the appointment of an expert witness to depose Defendant's expert witness. (ECF No. 41.) Plaintiff argues that Defendant's expert

witness relies exclusively on the progress notes of Defendant Chokatos, and that Plaintiff has a right to respond to Defendants' allegations by way of an expert witness. *Id.* On the same date, Plaintiff also filed a Request for Additional Discovery on Admissions to Authenticate Document, in which he seeks additional discovery in order to request that Defendant authenticate medical records for the purpose of introducing them at trial and to show Plaintiff's medical expert for analysis. (ECF No. 42.)

Now before the Court are Plaintiff's motions for the appointment of an expert witness and investigator, (ECF Nos. 33, 37, 41), and request for additional discovery. (ECF No. 42.)

## II.     APPOINTMENT OF EXPERT WITNESS

### A.  <u>Legal Standards</u>

Pursuant to Fed. R. Evid. 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." The Court has discretion to appoint a neutral expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Students of California Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. *See Gorton v. Todd*, 793 F.Supp.2d. 1171, 1178-79 (E.D. Cal. 2011). An expert witness may be appropriate if the evidence consists of complex scientific evidence. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.1991), *vacated on other grounds sub. nom., Helling v. McKinney,* 502 U.S. 903 (1991). However, "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. . . . [T]here also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be

1   resolved or understood through expert testimony." *Id.* at 1181. The determination to appoint a

2   neutral expert rests solely in the court's discretion. *See McKinney,* 924 F.2d at 1511; *see also*

3   *Sanders v. York,* 446 F. App'x 40, 43 (9th Cir. 2011).

4                                    **B.  Discussion**

5           First, to the extent that Plaintiff seeks appointment of an expert witness for his benefit,

6   the Court has no authority to grant him such relief. As aforementioned, Rule 706(a) of the

7   Federal Rules of Evidence permits the Court to appoint <u>only</u> neutral expert witnesses. *Honig*,

8   736 F.2d at 549. Furthermore, "28 U.S.C. § 1915, does not authorize the court to appoint an

9   expert for plaintiff's benefit to be paid by the court." *Gorton*, 793 F. Supp. 2d at 1184 n.11.

10  Thus, if the Court were able to appoint an expert witness in this action, the expert would be

11  appointed to assist the Court, and not to depose witnesses or respond to defenses brought by

12  Defendant.

13          Second, to the extent that Plaintiff seeks appointment of a neutral expert witness, his

14  motions are premature. A neutral expert witness may be necessary where there is "some

15  evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or

16  understood through expert testimony." *Gorton*, 793 F. Supp. 2d at 1181. No such evidence has

17  been filed in this action. At this time, there are no pending matters on which the Court may

18  require special assistance, such as to resolve a motion for summary judgment.

19          Furthermore, Plaintiff's claim of deliberate indifference to serious medical need is not

20  so complex as to require an expert witness to present or prove the case. *See, e.g., Noble v.*

21  *Adams,* No. 103CV-05407AWI-SMSPC, 2009 WL 3028242, at *1 (E.D.Cal. Sept. 16, 2009)

22  (denying plaintiff's request to appoint medical expert witness in section 1983 action because

23  "the issues are not so complex as to require the testimony of an expert"); *Lopez v. Scribner*,

24  2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint

25  medical expert witness in § 1983 action because "the legal issues involved in this action are not

26  particularly complex."); *Hooker v. Adams*, 2007 WL 4239570, at *1 (E.D.Cal. Dec. 3, 2007)

27  (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved

28  in this action are not particularly complex."). Plaintiff alleged in his complaint that Defendant

                                          4

Chokatos ignored medical information from Plaintiff and from medical records. Plaintiff's claim turns on Defendant's behavior, not on medical evidence. In other words, Plaintiff's claim for deliberate indifference will require Plaintiff to demonstrate that Dr. Chokatos had information indicating that Plaintiff had a serious medical need and that Dr. Chokatos ignored that information. Accordingly, Plaintiff's motions for the appointment of an expert witness are denied.

**III.    REQUEST FOR ADDITIONAL DISCOVERY**

Plaintiff also moves for additional discovery in order to request that Defendant authenticate medical records for the purpose of introducing them at trial. To the extent that Plaintiff seeks to have Defendant authenticate documents produced during discovery, Plaintiff's motion is granted.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for the Court to appoint an expert witness and investigator, (ECF Nos. 33, 37, 41), are DENIED.

2.  Plaintiff's motion for additional discovery in order to request that Defendant authenticate medical records for the purpose of introducing them at trial, (ECF No. 42.), is GRANTED.  Within thirty (30) days of service of this order upon him, Plaintiff may serve ten requests for admission upon Defendant concerning authentication of any medical records produced by Defendant. Within forty (40) days of being served with any requests for admission, Defendant shall serve his response in accordance with Fed. R. Civ. P. 36.

IT IS SO ORDERED.

Dated:    **October 13, 2017**          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

5