# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

GARY W. VANDERBUSCH,

    Plaintiff,

v.

DR. ENENMOH, et al.,

    Defendants.

1:13-cv-01422-LJO-EPG-PC

**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF *WILLIAMS* DECISION**

(ECF Nos.16, 18)

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS**

    Gary W. Vanderbusch ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 12.) Defendants declined to consent to magistrate judge jurisdiction. (ECF No. 26.)

    Plaintiff filed the Complaint commencing this action on September 5, 2013. (ECF No. 1.) The Court[1] screened the Complaint, and, finding no cognizable claims, granted Plaintiff leave to amend. (ECF No. 15.) On April 6, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 16.) The Court screened the First Amended Complaint, and found a

---

[1] This case was initially assigned to Magistrate Judge Gary Austin.

1

cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs against Defendant Dr. J. Chokatos, but dismissed all other claims and Defendants. (ECF No. 18.)

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and Defendants consistent with the order by the magistrate judge at the screening stage.

## I. *WILLIAMS v. KING*

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." *Id.* at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in *Williams*, this Court will recommend to the assigned district judge that he dismiss the claims and Defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleged claims against three defendants: Dr. Enenmoh, Chief Medical Officer at Corcoran State Prison; Dr. M. Rashidi, neurosurgeon at Mercy Hospital; and Dr. J. Chokatos, Primary Care Physician at Coalinga. Plaintiff's allegations generally relate to him not receiving sufficient medical attention for his spinal conditions.

Plaintiff was in pain for cervical issues on or before January 2008. On January 29, 2008, while housed at SATF State Prison, Defendant Enenmoh generated a physician request for services for a EMG and nerve condition study of Plaintiff's upper right extremities. These tests were performed shortly thereafter and revealed Chronic Motor Radiculopathy at the C5 and C6 nerve complex and carpal tunnel syndrome. A doctor recommended cervical spinal surgery, but Defendant Enenmoh wrote over the request and replaced it with a request for an EMG and nerve study, even though Defendant Enenmoh had already requested those tests and

reviewed the results of the tests. This change in the recommendation unnecessarily prolonged Plaintiff's surgery, resulting in pain.

In June 2009, after experiencing pain and weakness, Plaintiff was taken to Mercy Hospital and a neurosurgeon recommended neck surgery between the C4 and C5 vertebral. Defendant Rashidi performed surgery removing the disc between the C5-C6 and C6-C7 vertebral. The C4-C5 disc was not removed even though that is the area that caused the worst pain. Dr. Rashidi wrote in his Post Op report that he had removed the disc between C4-C5 and C6-C7, but then Dr. Rashidi wrote over the C4-C5 with what appeared to say C5-C6.

After returning to SATF State Prison, a neurosurgeon there noted that Plaintiff needed extensive physical therapy and that the cervical spine had reversed its normal curvature. Defendant Enenmoh received 3 urgent requests for physical therapy, but Defendant Enenmoh refused to provide physical therapy.

Beginning in August 2011, Plaintiff began consulting Defendant Chokatos as his primary care physician. Plaintiff's complaint provides a detailed account of Defendant Chokatos repeatedly denying plaintiff treatment, accusing Plaintiff of lying, taking away medical necessities, including those prescribed by a ten doctor panel to treat plaintiff's spinal condition. Defendant Chokatos repeatedly wrote that Plaintiff did not require pain medication and is in no pain, although Plaintiff contends this was incorrect. Defendant Chokatos told Plaintiff to stop wasting his time, and that "there is nothing wrong with you."

When Plaintiff was eventually transferred to Lancaster State Prison in September 2013, he was given a cane, lower bunk, mobility impaired accommodation, and ADA status again.

## IV.  DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

The Eighth Amendment of the United States Constitution entitles prisoners to medical care and is violated when a prison official acts with deliberate indifference to a prisoner's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prisoner alleging deliberate indifference to his serious medical needs "must show (1)

4

a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

The Court finds that Plaintiff has stated a claim under the Eighth Amendment for deliberate indifference to serious medical needs as to Defendant Chokatos. Plaintiff's allegations are detailed and generally allege a prolonged and deliberate effort to deprive Plaintiff of medical care when Dr. Chokatos was Plaintiff's primary care physician.

The Court finds that Plaintiff has failed to allege a claim against Defendants Enenmoh and Rashidi. The Court notes the allegations that the actions of these defendants resulted in lack of medical care for Plaintiff. But the Court finds that the allegations against them fail to establish a mental state of deliberate indifference. Their actions appear consistent with an unintentional mistake and not a deliberate attempt to thwart Plaintiff's medical care. Unlike Defendant Chokatos, Plaintiff alleges that Defendants Enenmoh and Rashidi did provide some medical care to Plaintiff during their tenure and at least attempted to address Plaintiff's spinal issues.

V. **CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants, except for Plaintiff's claim against Defendant Chokatos for deliberate indifference to serious medical needs in violation of the Eighth Amendment, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file

written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 8, 2017**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE