**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY W. VANDERBUSCH,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CHOKATOS,<br><br>Defendant. | Case No. 1:13-cv-01422-LJO-EPG (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE AND MOTION TO COMPEL**<br><br>(ECF Nos. 50, 60) |

## I. INTRODUCTION

Gary Vanderbusch ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on September 5, 2013. (ECF No. 1). This action is proceeding against John Chokatos ("Defendant") for deliberate indifference to medical needs in violation of the Eighth Amendment as alleged in Plaintiff's First Amended Complaint. (ECF Nos. 16, 59).

Now before the Court are Plaintiff's "Motion in Limine to Preclude the Introduction of Evidence Contradicting Respondent's Admissions" filed on December 4, 2017, (ECF No. 50), and "Motion Discovery Disagreements" filed on December 29, 2017, (ECF No. 60). For the reasons discussed below, Plaintiff's motion to compel discovery and for sanctions and motion in limine are denied.

## II. BACKGROUND

On February 24, 2017, the Court issued a Scheduling Order in this action, setting a non-expert discovery cut-off date of August 11, 2017. (ECF No. 28). The Order also provided:

1

> Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause.
>
> 2. Responses to written discovery requests shall be due forty-five (45) days after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court.

*Id.* at 2. On June 23, 2017, the Court issued a Second Scheduling Order, extending the non-expert discovery cut-off date to August 31, 2017. (ECF No. 32). The Court also granted Plaintiff leave to file an additional 10 interrogatories and 10 requests for admission. *Id.* at 1. On September 1, 2017, the Court again extended the non-expert discovery cut-off date to October 16, 2017. (ECF No. 40).

On October 13, 2017, the Court granted Plaintiff leave to serve additional discovery in order to request the authentication of medical records for the purpose of introducing them at trial. (ECF No. 43). The Order provided, "Within thirty (30) days of service of this order upon him, Plaintiff may serve ten [10] requests for admission upon Defendant concerning authentication of any medical records produced by Defendant. Within forty (40) days of being served with any requests for admission, Defendant shall serve his response in accordance with Fed. R. Civ. P. 36." *Id.* On October 17, 2017, the Court extended the non-expert discovery cut-off date to November 17, 2017, solely to allow Defendant time to respond to outstanding discovery requests served by Plaintiff. (ECF No. 46).

On December 4, 2017, Plaintiff filed a motion in limine. (ECF No. 50). Plaintiff contends that he served 25 requests for admission on Defendant on September 15, 2017, and September 26, 2017, but Defendant failed to respond to them within 30 days. *Id.* at 1. Plaintiff also asserts that Defendant has failed to provide him with a transcript of his deposition testimony. *Id.* at 2. Plaintiff requests an order prohibiting Defendant from entering any evidence or testimony that may contradict the matters set forth in Plaintiff's first and second sets of requests for admission. *Id.* at 3.

On December 29, 2017, Plaintiff filed a motion to compel, arguing that Defendant's discovery responses were late, contained boilerplate objections, and improperly objected to

discovery requests as untimely or excessive. (ECF No. 60). Plaintiff seeks an order: (1) compelling Defendant to revisit his responses to Plaintiff's interrogatories and requests for admission, (2) sanctioning Defendant $300.00 to compensate for causing Plaintiff anxiety and $350.00 for money lost, and (3) granting Plaintiff additional discovery in the form of 10 requests for production, 10 requests for admission, and 10 interrogatories in order to investigate new questions and evidence that came to light after receiving deposition transcripts. *Id.* Defendant filed a response to the motion on January 1, 2018. (ECF No. 63). Plaintiff filed his reply on March 5, 2018. (ECF No. 71).

Plaintiff's discovery motions, (ECF Nos. 50, 60), are now before the court.

### III. DISCUSSION

#### A. Deposition Transcript

Plaintiff argues that Defendant failed to timely provide him with a transcript of his deposition. Plaintiff asserts that he attended a deposition on August 10, 2017, and requested a transcript of the deposition from Defendant on September 13, 2017, November 6, 2017, and November 29, 2017. (ECF No. 60 at 8-9). He received a transcript of his deposition testimony on November 29, 2017. *Id.* at 9.

In opposition, Defendant contends that Plaintiff was timely served with a copy of his deposition transcript on October 18, 2017. (ECF No. 63 at 9).

A defendant is not required to provide the plaintiff with a copy of his deposition transcript. *See Boston v. Garcia*, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request that the court order defendants to provide him with a copy of his deposition transcript). Moreover, the plaintiff cannot obtain a copy of his deposition transcript free of charge through a request for production. *See Joseph v. Parciasepe*, No. 214CV0414GEBACP, 2016 WL 2743448, at *4 (E.D. Cal. May 11, 2016) (denying motion to compel production of a free copy of a deposition transcript). Although granted leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when

authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. See 28 U.S.C. § 1915. A plaintiff must obtain deposition transcripts from the officer before whom the deposition was taken—a court reporter or deposition officer. *See Claiborne v. Battery*, No. CIV S–06–2919 FCD EFB, 2009 WL 530352 at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript); *Brown v. Castillo*, No. CV F–02–6018 AWI DLB, 2006 WL 1408452 at *1 (E.D. Cal. May 22, 2006) (same).

Thus, as Defendant is not required to provide Plaintiff with a copy of his deposition transcript, Defendant's production of the deposition transcript on October 18, 2017, or November 29, 2017, was not untimely.

Accordingly, Plaintiff's request for additional discovery in the form of 10 requests for production, 10 requests for admission, and 10 interrogatories, which he claims is timely because the deposition transcript was not promptly provided, is denied.

### B. Timeliness of Discovery Responses

Plaintiff contends that he served upon Defendant 15 requests for admission on September 15, 2017; 10 requests for admission on September 26, 2017; and additional discovery requests on the 6th, 13th, and 27th of September 2017. (ECF Nos. 50 at 1-2; 60 at 3). But, Defendant did not respond to the requests within the prescribed time to do so. (ECF No. 50). He then sent a letter to Defendant on November 6, 2017, requesting a response to the discovery requests within 6 days. (ECF Nos. 50 at 2, 5; 60 at 106). On November 29, 2017, he received a letter stating that Defendant had already served the discovery responses and providing copies of the discovery responses. (ECF No. 60 at 3, 110). Plaintiff argues that the responses to the discovery requests are untimely, and offers a copy of a mail log to establish that he received no mail from Defendant between October 17, 2017 and November 28, 2017.

4

(ECF No. 60 at 84-91). In particular, Plaintiff states that the responses to the requests for admission were untimely, and seeks an order deeming admitted the matters to which the requests are concerned. (ECF No. 50 at 3).

Defendant asserts that the responses to the discovery requests were timely served on October 18, 2017. (ECF No. 63 at 33-5).

Federal Rule of Civil Procedure 36 provides that if the party to whom a request for admission is directed fails to serve a response within the prescribed time, the matter that is the subject of the request is deemed admitted. Fed. R. Civ. P. 36(a)(3). In turn, to compute the deadline to perform an act, Rule 6(a)(1) provides, "When [any time period set forth by court order] is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Additionally, when discovery requests are served by mail, the responding party has an additional three days to serve its responses. *See* Fed. R. Civ. P. 6(d). The timeliness of the discovery responses is determined by the date the responses are served, not the date when the responses are actually received by the recipient. *Torres v. Diaz*, No. 1:14-CV-00492-AWI, 2015 WL 4421299, at *3 (E.D. Cal. July 17, 2015). Service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C).

Here, Defendant was required to respond to Plaintiff's discovery requests within 45 days of service of the request. (ECF No. 28). Plaintiff states that he served his first and second request for admission by mail on September 15, 2017, and September 26, 2017 respectively. Thus, Defendant was required to serve his responses to the requests no later than November 3, 2017, and November 14, 2017, respectively. *See* Fed. R. Civ. P. 6(a)(1),(d). Defendant avers that the responses to the requests for admission were served on October 18, 2017. *See* Declaration of Deputy Attorney Mark A. Brown ¶ 3-4, ECF No. 63 at 8. Plaintiff himself also

5

offers the Declarations of Service by U.S. Mail of M. Carey, stating that the responses to the requests to admit were served on October 18, 2017. (ECF No. 60 at 48, 73). Because service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), Defendant's responses were timely served.

Likewise, Defendant was required to serve responses to the discovery requests served by mail on September 6, 2017, September 13, 2017, and September 27, 2017, by no later than October 25, 2017, November 1, 2017, and November 15, 2017, respectively. Defendant avers that the responses to all discovery requests were served on October 18, 2017. *See* ECF No. 63 at 8. The discovery responses also have attached Declarations of Service by U.S. Mail of M. Carey, stating that the responses to the discovery requests were served on October 18, 2017. (ECF No. 60 at 38, 57, 65, 81). Thus, the discovery responses were timely.

Accordingly, Plaintiff's motion in limine to deem admitted matters in the requests for admission is denied.

### C. Objections to Discovery Responses

Plaintiff contends that Defendant's responses and objections to the discovery requests were boilerplate; inappropriately reserved the right to change responses and qualifies objections as without prejudice; incorrectly stated that requests exceed the permitted number; incorrectly stated that requests are untimely; and inappropriately objected to requests as vague, ambiguous, overly broad, compound, or irrelevant. Plaintiff seeks an order directing Defendant to revisit the responses to his interrogatories and requests for production.

In opposition, Defendant argues that Plaintiff's motion is untimely, unspecific, and was not authorized by the Court. Defendant contends that the discovery cutoff was November 17, 2017, more than 30 days before Plaintiff filed his December 29, 2017 motion. Defendant further contends that Plaintiff failed to meet and confer prior to filing his discovery motion, and does not specify or identify which of 53 discovery responses was insufficient.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R.

Civ. P. 37(a)(3)(B). Furthermore, a party who has served a request to admit may move to determine the sufficiency of an answer or objection, and on finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response" Fed. R. Civ. P. 37(a)(4).

Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely. *See, e.g.*, *Watts v. Allstate Indem. Co.*, No. 2:08–cv–01877 LKK KJN, 2012 WL 5289314 (E.D. Cal., October 23, 2012) ("Motions to compel such discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Clinton v. California Dep't of Corr.*, No. CIVS05-1600-LKKCMKP, 2009 WL 1308984, at *1 (E.D. Cal. May 11, 2009), *objections overruled*, No. CIV.S-05-1600LKK CMK, 2009 WL 1617811 (E.D. Cal. June 9, 2009); *Lacy v. Am. Biltrite, Inc.*, No. 10CV0830 JM RBB, 2012 WL 909309, at *1 (S.D. Cal. Mar. 16, 2012) ("the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 332-42 (N.D. Ill. 2005) (denying motion to compel in part where it was filed on the last day of the discovery period). In addition, parties are required to meet and confer in good faith to resolve discovery disagreements before filing a motion to compel. *See* Fed. R. Civ. P. 37(a); Local Rule 251.

Nevertheless, "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.' " *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). Furthermore, a *pro se* litigant is entitled to leniency. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Thus, to the extent possible, the court will endeavor to resolve a motion to compel on the merits. *Thomas v. Heberling*, No. 1:12-CV-

7

01248-AWI-SA, 2015 WL 2358891, at *2 (E.D. Cal. May 15, 2015).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *See Grabek v. Dickinson,* No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); *Mitchell v. Felker,* No. CV 08–119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep.29, 2010); *Ellis v. Cambra,* No. 1:02–cv–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799 at *1; *Womack*, 2011 WL 6703958 at *3; *Mitchell*, 2010 WL 3835765 at *2; *Ellis,* 2008 WL 860523, at *4.

Here, the parties did not meet and confer before the motion to compel was filed. Additionally, the motion is untimely. Plaintiff filed the instant motion to compel on December 29, 2017, after the close of non-expert discovery on November 17, 2017. Moreover, Plaintiff fails to identify which responses are insufficient and why any specific objections are not meritorious. Plaintiff states, "To respond to each objection and Discovery Request would take 40 to 50 pages of arguments [sic]. The Plaintiff does object to all of Defendants [sic] objections." Even exercising the leniency afforded *pro* se litigants and overlooking any failure to follow technical rules of civil procedure, the Court cannot discern why each of Defendant's 53 responses is not meritorious. The Court is thus unable to resolve the discovery dispute, and can deny Plaintiff's motion on this failure alone. Nevertheless, the court will endeavor to address the merits of the motion to compel.

First, Plaintiff argues that Defendant inappropriately reserves the right to change responses in his preliminary statements and qualifies responses as without prejudice. In the Preliminary Statement to his Response to Plaintiff's Second Set of Interrogatories [Erroneously

Titled First Set], Defendant states, "The following responses are given without prejudice to the right to produce evidence or witnesses which Defendant may later discover. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses identified and legal research is completed." In the General Objections, Defendant states, "This response is based upon information presently known to Defendant. Further investigation or discovery may reveal additional information not disclosed herein and presently unavailable. Accordingly, this response is provided without prejudice to the rights of Defendant to present additional information later obtained as a result of such investigation or discovery."

The Preliminary Statement is not stated as an objection. Rather it is merely a restatement of Defendant's duty under Fed. R. Civ. P. 26(e), which requires parties to supplement their discovery responses. Specifically, Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

The General Objections similarly restate Rule 26, providing that Defendant may supplement discovery responses as he learns of new information. Thus, the Court finds that Defendant's qualifications are proper. To the extent Defendant seeks to admit evidence that is untimely disclosed through such a supplementation, Plaintiff may object at that time.

Second, Plaintiff argues that Defendant incorrectly objects on the basis that requests exceed the number the permitted by the Court. On February 24, 2017, the Court issued a Scheduling Order directing the parties to serve no more than 15 interrogatories. (ECF No. 28). On June 21, 2017, the Court held a Telephonic Discovery Hearing, at which Plaintiff stated that

he had served interrogatories, but requested leave to serve 10 additional interrogatories. (ECF No. 31). The Court, on June 23, 2017, issued a Second Scheduling Order, permitting Plaintiff to serve an additional 10 interrogatories, for a total of 25 interrogatories. (ECF No. 32). Between September 6, 2017, and September 27, 2017, Plaintiff filed two sets of interrogatories, totaling 17 interrogatories. (ECF No. 60 at 13-14, 25-28).

In his Response to Plaintiff's Third Set of Interrogatories [Erroneously Titled Second Set], Defendant objects, among other objections, to Interrogatory Nos. 4-10 as follows: "The request exceeds the number of requests for admission [sic] permitted pursuant to Court order dated June 23, 2017." (ECF No. 60 at 52). As the June 23, 2017 Order permitted Plaintiff to serve only 10 additional interrogatories, the Court finds that Defendant's objections are proper.

Third, Plaintiff takes issue with Defendant's objection to some discovery requests as untimely. In his Response to Plaintiff's Third Set of Request for Production, Defendant objects, among other objections, to Demand for Production Nos. 16-20, as follows: "The demand is untimely pursuant to the Court's order dated September 1, 2017." (ECF No. 60 at 76).

On September 1, 2017, the Court extended the non-expert discovery cut-off date to October 16, 2017. (ECF No. 40). Thus, to be timely, Plaintiff was required to serve his discovery requests at least 45 days prior to the discovery deadline. *See Bosley v. Valasco*, No. 114CV00049MJSPC, 2016 WL 1704159, at *7 (E.D. Cal. Apr. 28, 2016), modified, No. 114CV00049MJSPC, 2016 WL 2756590 (E.D. Cal. May 12, 2016) (finding that discovery request was untimely where it was not at least 45 days in advance of the close of discovery). Instead, Plaintiff's Request for Third Set of Documents is dated September 26, 2017.[1] (ECF No. 23-24). Any response thereto would be due on or after November 11, 2017, after the October 16, 2017 deadline. Nevertheless, on October 18, 2017, Defendant timely, pursuant to Rule 6, served his discovery responses. (ECF No. 60 at 38, 48, 57, 60, 65, 73).

---

[1] Plaintiff's discovery request is not accompanied by proof of service, but Plaintiff avers that he served the requests on September 26, 2017.

On October 16, 2017, Plaintiff did request an extension of the non-expert discovery cutoff. (ECF No. 45). And, on October 17, 2018, the Court did extend the non-expert discovery deadline to November 17, 2017. (ECF No. 46). But, Defendant prepared and served his discovery responses in accordance with the Court's September 1, 2017 Order. Defendant cannot be penalized for following the Court's operative order. Thus, Defendant's responses were proper.

Plaintiff also contends that Defendant inappropriately objected to requests as vague, ambiguous, overly broad, compound, or irrelevant. However, the Court will not labor to uncover why these substantive objections are not meritorious. Furthermore, as the Court has not found that any of Defendant's objections are improper, Plaintiff request for sanctions and cost is denied.

### IV.  CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to compel discovery and for sanctions, (ECF No. 60), and motion in limine, (ECF No. 50), are denied.

IT IS SO ORDERED.

Dated: **June 14, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE