# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY W. VANDERBUSCH,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN CHOKATOS,<br><br>        Defendant. | Case No. 1:13-cv-01422-LJO-EPG (PC)<br><br>**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION AND DIRECTING PLAINTIFF TO FILE OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 61)<br><br>**THIRTY (30) DAY DEADLINE** |

## I. BACKGROUND

Gary Vanderbusch ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds against John Chokatos ("Defendant") for deliberate indifference to medical needs in violation of the Eighth Amendment. (ECF Nos. 16, 59).

On September 5, 2013, Plaintiff commenced this action by the filing of a Complaint against Enenmoh, Mahmoud Rashidi, John Chokatos, and Junior Fortune. (ECF No. 1). On March 3, 2015, the Court screened the Complaint and found that it failed to state any cognizable claim against the named defendants. (ECF No. 15).

Plaintiff filed a First Amended Complaint on April 6, 2015. (ECF No. 15). On June 27, 2016, the Court screened the First Amended Complaint and found that Plaintiff alleged a cognizable claim against John Chokatos, but failed to state a claim against the remaining defendants. (ECF No. 18). On December 11, 2017, the Court issued findings and

1

recommendations to the assigned district judge, recommending dismissal of all claims, except Plaintiff's claim for deliberate indifference in violation of the Eighth Amendment against Defendant Chokatos. (ECF No. 57). On December 28, 2017, the assigned district judge adopted the findings and recommendations in full. (ECF No. 59).

On February 24, 2017, the Court issued a Scheduling Order in this action, setting a non-expert discovery cut-off date of August 11, 2017, and a dispositive motion deadline of December 8, 2017. (ECF No. 28). On June 23, 2017, the Court issued a Second Scheduling Order, extending the non-expert discovery cut-off date to August 31, 2017. (ECF No. 32). On September 1, 2017, the Court extended the non-expert discovery cut-off date to October 16, 2017. (ECF No. 40). On October 17, 2017, the Court again extended the non-expert discovery cut-off date to November 17, 2017. (ECF No. 46).

On December 5, 2017, Defendant filed a motion for summary judgment. (ECF No. 51). On December 6, 2017, Defendant filed a notice of errata. (ECF No. 55).

On January 2, 2018, Plaintiff filed a Rule 56(d) motion[1], arguing that the motion for summary judgment is premature and requesting to reopen discovery. (ECF No. 61). On January 18, 2018, Defendant filed a response to Plaintiff's motion. (ECF No. 63). On February 2, 2018, Plaintiff requested, and the Court granted an extension of the time to file a reply. (ECF Nos. 66, 69). Plaintiff filed his reply on February 26, 2018. (ECF No. 70).

Now before the Court is Plaintiff's Rule 56(d) motion. (ECF No. 61).

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Rule 56(d) provides that the party must "show[] by affidavit or declaration that, for specified reasons, it cannot

---

[1] Plaintiff states that his motion is brought pursuant to Rule 56(f). Federal Rule of Civil Procedure 56(d) sets forth the standard for a request to stay summary judgment. It was previously numbered 56(f), and some previous case law refers to 56(f). *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 n.2 (9th Cir. 2014). Based on the substance of Plaintiff's request, the Court understands Plaintiff to be referring to the current Rule 56(d).

present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." *Klingele*, 849 F.2d at 412; *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle*, 73 F.3d at 914 (quoting *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)).

**III. DISCUSSION**

First, Defendant argues that the instant motion is untimely because it was filed more than twenty-one days after service of the motion for summary judgment. Pursuant to the "mailbox rule," a *pro se* prisoner's court filing, however, is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The Ninth Circuit has made clear that the mailbox rule applies to many different prisoner filings. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009)(applying the rule to the filing of a section 1983 suit in the district court); *James v. Madison St. Jail*, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (applying rule to trust account statements required to be filed by 28 U.S.C. § 1915(a)(2)); *Caldwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994) (applying the rule to a Rule 50(b) motion); *Faile v. Upjohn Co.*, 988 F.2d 985, 989 (9th Cir.

3

1993) (applying the rule to discovery responses).

Defendant served the motion for summary judgment on December 5, 2017. (ECF No. 51). Plaintiff was required to serve and file his opposition to the motion no later than December 30, 2017.[2] *See* Fed. R. Civ. P. 6(a)(1), (d); E.D. Cal. Local Rule 230(l). Plaintiff states that he delivered the instant motion to prison authorities on December 28, 2017. (ECF No. 70 at 2). Thus, Plaintiff's motion is timely.

Second, Plaintiff argues that Defendant's motion for summary judgment is premature. Pursuant to Rule 56, a motion for summary judgment may be filed at any time until 30 days after the close of all discovery, unless a different time is set by local rule or court order. Fed. R. Civ. P. 56(b). Here, Defendant's motion was filed in accordance with the Court's Scheduling Order. On February 24, 2017, the Court set a dispositive motion deadline of December 8, 2017. (ECF No. 28). Defendant filed his motion for summary judgment on December 5, 2017, (ECF No. 51), only three days prior to the filing deadline set by the Court. Thus, Defendant's motion is not "premature."

Third, Plaintiff argues that the Court should reopen discovery because Defendant delayed his responses to discovery requests to gain an advantage on his motion for summary judgment. Plaintiff contends that Defendant did not send his response to discovery requests until November 22, 2017, and is attempting to slam Plaintiff with discovery responses and a motion for summary judgment.

Plaintiff fails to make the showing required under Rule 56(d). Plaintiff fails to clearly identify what specific discovery he is seeking, what particular facts are expected to be disclosed from that discovery, and how they relate to the pending motion for summary judgment. Moreover, Plaintiff failed to diligently pursue discovery. Discovery in this action began on February 24, 2017. (ECF No. 28). Plaintiff requested numerous extensions of the discovery cut-

---

[2] Plaintiff argues that his time to oppose the motion for summary judgment should run from the date Defendant filed the notice of errata. Defendant's notice of errata did not raise additional substantive issues, but only addressed clerical errors. Accordingly, its filing does not modify the briefing schedule on the motion for summary judgment.

off date, and ultimately obtained an extension to November 17, 2017. (ECF Nos. 32, 40, 46). Plaintiff thus had ample time to request discovery, review the discovery responses, and timely file any motions to compel. Accordingly, Plaintiff's Rule 56(d) motion, (ECF No. 61), is denied.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion pursuant to Rule 56(d), (ECF No. 61), is denied;
2. Plaintiff shall file an opposition or a statement of no opposition to the motion for summary judgment, (ECF No. 51), **within thirty (30) days** of service of this order. Failure to comply with this order may result in a recommendation that this action be dismissed. *See* E.D. Cal. Local Rule 110.

IT IS SO ORDERED.

Dated: **June 14, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE